UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

Ronald Clark,
Petitioner

CIVIL ACTION
No. 05-10148-DPW

v.

Lois Russo,
Superintendent

Thomas F. Reilly,
Massachusetts Attorney General

### PETITIONER'S REPLY TO THE RESPONDENT RUSSO'S OPPOSITION TO HIS PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Ronald Clark, through counsel, hereby submits his Reply to Respondent Lois Russo's Opposition to his Petition.

The facts central to the petition revolve around a jury question. During deliberations, the jury asked:

> *Re: Home Invasion*
> <u>Question</u>
>     beyond a reasonable doubt: was the defendant armed with a dangerous weapon <u>at the time of entry</u>?
>     1. Where was the roast beef dinner held? (ms Jane's testimony) [1]
> (Tr. 16).[2]

After reading the questions to counsel, the trial judge outlined his intended response as,

> The first one is you do have to prove beyond a reasonable doubt he was armed at the time of entry with a dangerous weapon. The second one, that's testimony. That's their province. I can't tell them about the testimony. They've got to figure that out for themselves.
> (Tr. 4:16).

---

[1] The complainant had testified that the petitioner and his sister came by her apartment to join in a roast beef dinner on the Sunday preceding the day on which the alleged offenses were committed, but that she turned them away (Tr. 2:48).

[2] References are to the trial transcript, by volume and page numbers (Tr. [vol.]:[pg.]), and to the Respondent's Memorandum in Opposition to Petition for Writ of Habeas Corpus (MIO ).

The judge then asked defense counsel, "Now, do you want me to bring your client down to tell him this in the courtroom, or do you want me to write them a note?" Defense counsel responded, "I don't mind if you write them a note. That's fine with me." (Tr. 4:16-17).

It is apparent that the judge did not show counsel the jury's note as the prosecutor asked to see it, but was rebuffed (Tr. 4:17). The prosecutor argued that, "Judge, it looks like – on Question 1, was the defendant armed with a dangerous weapon at the time of entry. It looks like they're just, flat out, asking you the question." He suggested that the judge respond by saying that "… these are factual questions that are up to them." The judge told the prosecutor, "I'm not going to say it that way" (Tr. 4:17-18). The judge then read the text of his written answer to the attorneys. Defense counsel told the Court, "I'm in agreement with that." (Tr. 4:19).

The jury was given this written response:

1. *Yes The Commonwealth must prove beyond a reasonable doubt that the defendant was armed with a dangerous weapon at the time he entered the Apt.*
2. *Resolving issues regarding the testimony is exclusively your responsibility.*

I. **HABEAS REVIEW IS NOT PRECLUDED BY A PROCEDURAL DEFAULT BECAUSE THE APPEALS COURT'S DECISION DID NOT REST ON FAILURE TO COMPLY WITH MASSACHUSETTS' CONTEMPORANEOUS OBJECTION REQUIREMENT.**

The respondent asserts that trial counsel's failure to object to the Petitioner's absence and the Petitioner's failure to object after the conference or in post-trial motions constituted a procedural default barring habeas review (MIO 10). Habeas review of the present case is not precluded by the lack of an objection to the petitioner's exclusion from trial because the Massachusetts Appeals Court's decision respecting the petitioner's absence did not rest on the lack of a

contemporaneous objection. Additionally, the petitioner's ability to comply with Massachusetts' contemporaneous objection requirement was thwarted by objective factors.

Habeas review may be precluded where a petitioner has failed to preserve his rights at trial and "the state court has not waived [its contemporaneous objection requirement] in the particular case by resting its decision on some other ground." Burks v. Dubois, 55 F.3d 712, 716 (1995). In the present case, the state court directly addressed the merits of the petitioner's claim that his absence violated his right to due process. The court wrote, having noted at the beginning of its decision that "The defendant claims it was prejudicial error for the judge to answer the question in the absence of the defendant."

> A defendant has a right to be present at all critical stages of a trial, and this right cannot be waived by counsel without the defendant's consent (*citations omitted*). We conclude, however, that here, although the judge should have informed the defendant of the jury's questions, the defendant was not prejudiced by the judge's failure to do so (*citation omitted*). The defendant's presence would not have resulted in any different outcome in the circumstances of this case. Page 2.

The Appeals Court's decision did not rest on waiver of the petitioner's right to be present; it acknowledged that the petitioner's exclusion was error because counsel could not unilaterally waive the defendant's right to be present and plainly affirmed on the ground that the error was harmless. By resting its decision on the merits, the state court waived reliance on any procedural default. *Id.*

This is not a case in which the state court considered the merits of a claim, but ultimately based its decision on the lack of a contemporaneous decision. *E.g.*, Burks, *supra, at* 716. The portion of the Appeals Court's decision dealing with the petitioner's absence from the courtroom rests solely on the merits. The Appeals Court's observation that defense counsel did not object to the judge's answer to the jury question has no bearing on its decision regarding the petitioner's

absence.[3] Even the state court's decision concerning the trial judge's answer to the jury question, although it refers to the lack of an objection, does not seem to be based on waiver; the state court held, rather, that there was no error because the content of the instruction was a correct statement of the law (Page 1). This holding did not address the issue raised on appeal – the petitioner argued on appeal that the jury had asked for an instruction on the facts, not the law, and thus was likely misled – but it was nonetheless a decision on the merits as the court saw them.

Even if the Appeals Court had not based its decision on the merits, habeas review would not be precluded as any procedural default must be excused on the ground that it was caused by a factor that made it impossible to obey the state's procedural rule. Defense counsel declined the trial judge's offer to bring the petitioner into the courtroom (Tr. 4:16-17). In doing so, she purported to waive the petitioner's right to be present, an act she had no right to perform. Taylor v. Illinois, 484 U.S. 400, 417-418 (1987); Commonwealth v. Caldwell, 45 Mass.App.Ct. 42, 46 (1998). What the respondent identifies as a procedural violation in the present case arose from the lack of an objection to trial counsel's unilateral waiver of the petitioner's right to be present. This waiver did not violate a procedural rule; it violated constitutional principles. Realistically, the only person who might have objected to counsel's conduct was the petitioner and he was not present. The record contains no basis for the respondent's assumption that the petitioner should have objected any time earlier than he did (*i.e.*, in his direct appeal) (MIO 10). Nor could it; the petitioner learned of the jury question from appellate counsel.

The respondent's assertion that the Supreme Court has "held that a defendant need not be expressly warned of his right to be present and that the failure to assert the right constitute[s] an adequate waiver" is inapt; there was no implied notice of the right as there might have been if the

---

[3] The Appeals Court did not address the petitioner's contention that the issue of the answer's propriety was preserved by the prosecutor's objections to the wording of the judge's answer.

4

petitioner had been asked if he wished to be present, and no opportunity to assert the right. In United States v. Gagnon, 470 U.S. 522 (1985), which the respondent cites in support for this proposition, the defendant was present when the judge announced that he was going to hold an in-camera meeting with a juror and could have insisted on attending. *Id. at* 523. Because the only person realistically in a position to object in the present case was the petitioner and he was, through no fault of his own, unaware of the proceedings, an objective factor external to the petitioner made it impossible for him to raise an objection. *See* Murray v. Carrier, 477 U.S. 478, 488 (1986); Simpson v. Matesanz, 175 F.3d 200 (1st Cir. 1999).

## II. THE APPEALS COURT'S HOLDING THAT THE PETITIONER'S ABSENCE DURING THE READING AND ANSWERING OF THE JURY'S QUESTION WAS HARMLESS ERROR WAS AN UNREASONABLE APPLICATION OF SUPREME COURT PRECEDENT.

A defendant has a right to be present at trial whenever his presence bears a reasonably substantial relationship to the fullness of his opportunity to defend himself. A defendant's presence is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence. Snyder v. Massachusetts, 291 U.S. 97 (1934). A defendant's opportunity to assist counsel affects a defendant's opportunity to defend himself and the fairness of the proceedings. *See e.g.,* Snyder, *supra* 106; United States v. Latham, 874 F.2d 852, 856 (1st Cir.1989); Larson v. Tansy, 911 F.2d 392, 395 (10th Cir. 1990).

A defendant's absence is harmless only when it is certain that it had no effect on the proceedings that took place in his absence. Thus, in Gagnon, *supra* at 527, a defendant's absence from an in-chambers conversation with a juror (the juror had expressed concern about the fact that the defendant was sketching jurors) was deemed harmless where the defendant could have done nothing at the conference, could have gained nothing by being there, and might have by his presence only harmed himself. In Kentucky v. Stincer, 482 U.S. 730, 730-731 (1987), a

5

defendant's absence from an in-chambers hearing on a witness's competency to testify did no harm because the witness was later cross-examined in open court. In effect, in Stincer, the proceedings were recreated in the defendant's presence. Similarly, the Supreme Court has ruled that a defendant is not entitled to accompany the jury on a view, because there would be nothing he could do or gain by being there, but is entitled to be present in situations where "... it will be in his power, if present, to give advice or suggestion or even to supersede his lawyers altogether ... ." Snyder, *supra at* 106.

In the present case, the petitioner's absence was not inconsequential. The jury's factual question whether it had been proven that the petitioner was armed when he entered the apartment directly addressed an essential element of home invasion, a crime which carries a twenty-year mandatory minimum sentence. M.G.L. C. 265, §18C. The judge's answer, which began with the word "Yes," could have been misconstrued as a factual answer to the question. For if the jurors asked a factual question, they were likely to have assumed that the judge responded with a factual answer. The fact that the jurors asked for a factual instruction demonstrates that they were unable to resolve the question[4]. A response that clearly left it to the jurors to make the factual determination might therefore have resulted in a different verdict.

The presence of counsel did not in this case render the petitioner's absence harmless. The petitioner might have intervened where his lawyer unthinkingly or timorously failed to. As Snyder, *supra*, recognizes, one of the opportunities a defendant has when present at trial is to "to supersede his lawyers altogether." In this case, the petitioner would have done well to supersede

---

[4] There was good reason for the jury's doubts; there was no competent evidence that the defendant was armed when he entered the apartment. The complainant testified only that he had a knife with him when he entered her bedroom after first going into the kitchen (Tr. 1:150). The only evidence bearing on the subject was a detective's improper hearsay testimony (which came in without objection) that the complainant told him that the knife was not from her apartment (Tr. 3:20, 26).

6

his lawyer. Defense counsel's acceptance of the trial judge's answer to the jury question was certainly a mistake, and very possibly a verdict-altering mistake.

The petitioner would not have needed a sophisticated knowledge of the law to grasp that his defense might be harmed by an instruction that could be understood to state that he entered the complainant's apartment armed with a knife. Recognizing the problem required knowledge of the English language more than it required legal knowledge. More than anything else, it required attentiveness.

The petitioner need not prove that his presence would have made a difference in the outcome of his trial. He need only show a potential for prejudice. Rushen v. Spain, 464 U.S. 114, 130 (1983); Larson v. Tansy, *supra* 395.

## CONCLUSION

For the reasons set forth above, the Petitioner for Writ of Habeas Corpus should be granted.

Respectfully submitted,

Ronald Clark,
by his attorney,

Stella Robinson

BBO No. 543718

405 Waltham Street, No. 179
Lexington, MA 02421
781-862-7497

dated: April 4, 2005