UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                       )   CIVIL ACTION
Ronald Clark                           )   NO. 05-10148-DPW
Petitioner                             )
                                       )
v.                                     )
                                       )
Lois Russo                             )
Superintendent                         )
_____)
```

PETITIONER'S APPLICATION FOR A CERTIFICATE OF APPEALABILITY

     Pursuant to 28 U.S.C. §2253, F.R.A.P. 22(b) and Local Rule 22.1, Petitioner Ronald Clark, by his counsel, hereby applies for a certificate of appealability with respect to the following issue raised in his Petition: That the Massachusetts Appeals Court unreasonably applied the law to the facts in holding that no harm arose from petitioner's absence during the reading and answering of a question from the jury.

     This Application is supported by a Memorandum of Law.

Respectfully submitted,

/s/ Stella Robinson,
Counsel for the Petitioner,

BBO No. 543718
405 Waltham Street, No. 179
Lexington, MA 02421
781-862-7497

September 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| Ronald Clark ) | CIVIL ACTION |
| Petitioner ) | NO. 05-10148-DPW |
| ) | |
| v. ) | |
| ) | |
| Lois Russo ) | |
| Superintendent ) | |
| _____) | |

MEMORANDUM IN SUPPORT OF PETITIONER'S
APPLICATION FOR CERTIFICATE OF APPEALABILITY

**Introduction**

This court has denied Clark's petition for habeas corpus on the grounds that (1) the Massachusetts Appeals Court's resolution of the petitioner's claim that the trial judge's response to a jury question usurped the jury's fact-finding role rested on an independent and adequate state law ground and therefore was not subject to habeas review, and (2), although the Commonwealth waived any procedural default arising from counsel's failure to object to the petitioner's absence during the reading and answering of a jury question, the Appeals Court's conclusion that the petitioner suffered no prejudice was not an unreasonable application of Supreme Court precedent because the petitioner's presence would not have changed the content of the judge's answer and the answer given was not defective.

The Petitioner now seeks a Certificate of Appealability (COA) as to his claim that he was deprived of his right to due process, to his prejudice, where the trial judge read, discussed, and answered jury questions in his absence.

The jury posed the following questions:

*Re: Home Invasion*

<u>Question</u>
   Beyond a reasonable doubt: was the defendant armed with a dangerous weapon <u>at</u> <u>the</u> <u>time</u> <u>of</u> <u>entry</u>?
 1.   Where was the roast beef dinner held? ([Jane's] testimony)

The trial judge gave the following written response:

1. *YES The Commonwealth must prove beyond a reasonable doubt that the defendant was armed with a dangerous weapon at the time he entered the Apt.*
2. *Resolving issues regarding the testimony is exclusively your responsibility.*

**Standard for Issuance of a Certificate of Appealability**

The standard for issuing a COA where a claim has been denied on the merits is permissive:

> [A] prisoner seeking a COA need only demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.
> <u>Miller-El v. Cockrell,</u> 537 U.S. 322, 327 (2003)

The petitioner does not need to prove that some jurists would grant the petition for habeas relief; a claim can be entitled to review even though every jurist of reason might agree, after full consideration of the petitioner's claims, that the petition should not be granted. *Id.* at 338.

**Argument**

**Because jurists of reason could find that the Massachusetts Appeals Court's harmless error analysis was objectively unreasonable, a Certificate of Appealability must issue.**

The petitioner argued in his direct appeal, in his application for further appellate review, and in his petition for habeas relief that his absence was prejudicial because the judge, having misunderstood the jury's first question, gave an answer that could have been construed as a detrimental instruction on a fact. The Massachusetts Appeals Court held that, although Clark should have been informed of the jury's questions, he was not prejudiced by the failure to do so because "The defendant's presence would not have resulted in any different outcome in the circumstances of this case." Commonwealth v. Clark, 60 Mass. App. Ct. 1119 (2004).

The judge's answer to the jury's first question, though a correct statement on the burden of proof, failed to answer the question actually posed. The grammar of the jury question and the emphasis placed on the words "at the time of entry" (Appendix A) are much more consistent with the question, "was the defendant armed with a dangerous weapon at the time of entry?" than with a question regarding the burden of proof. The fact that the second question ("Where was the roast beef dinner held?") is plainly factual demonstrates that the jury did not understand that the judge could not answer factual questions. The question was material: being armed at the time of entry is an element of home invasion under Massachusetts law. Commonwealth v. Ruiz, 426 Mass. 391, 392-394 (1998).

3

The District Court found that it was irrelevant that the petitioner might have pushed his attorney to confront the trial judge regarding his construction of the jury question because the prosecutor had been unsuccessful in his efforts to persuade the judge that the question was factual (Order, p.28). The District Court's conclusion assumes (1) that the trial judge would not have reconsidered even if both parties had disputed his interpretation of the question and (2) might not have construed defense counsel's silence as an endorsement of this interpretation. A jurist of reason could assume that the trial judge, if faced with greater opposition, might have reconsidered his interpretation of the jury question and recognized that it was in error. A jurist of reason could thus reach a different conclusion with respect to this basis for the District Court's decision.

The District Court also found that the petitioner suffered no harm because the trial judge's answer was a correct statement regarding the burden of proof and could not fairly have been read as an instruction on the facts (Order, p. 28). To the jurors who asked whether the defendant was armed and who would naturally expect an answer to their question, the answer could be fairly read as a response to their question. The response began with the word "YES." That it then re-stated the burden of proof and the element of armed entry would not inform the jury that the judge was not answering the question it had asked. It was not obvious from the judge's answer that he had misread the question. A jurist of reason could conclude that a risk existed that the jury understood the judge's response as an instruction on an essential element of home invasion: i.e., that the defendant was armed.

5

Because it is reasonably debatable that the Massachusetts Appeals Courts harmless error analysis of the issues discussed above was objectively unreasonable, a Certificate of Appealability must issue.

Respectfully submitted,

/s/ Stella Robinson,
Counsel for the Petitioner,

BBO No. 543718
405 Waltham Street, No. 179
Lexington, MA 02421
781-862-7497

September 2005